UNITED STATES DISTRICT CIRCUIT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

M & B TRUCKING & TRANSPORTATION, LLC

    Plaintiff,

CASE NO:   2023-CC-022135-O

vs.

PROGRESSIVE MOUNTAIN INSURANCE COMPANY

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL OF ACTION

Defendant, PROGRESSIVE MOUNTAIN INSURANCE COMPANY (hereinafter "Progressive"), pursuant to 28 U.S.C. § 1446(b)(3), hereby petitions this Court for the removal of Plaintiff's Complaint in the above-styled action from the Circuit Court for the Ninth Judicial Circuit, in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and in support of its Notice of Removal states:

1. Defendant gives notice of the exercise of its rights under the provisions of 28 U.S.C. §1332, §1441 and §1446 to remove this action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, in which this action was pending, in the name and style: *M&B Trucking and Transportation, LLC v. Progressive Mountain Insurance Company*, Orange County Circuit Court case number 2023-CC-022135-O.

2. This action arises from a November 10, 2022 automobile accident involving Plaintiff and a non-party alleged tortfeasor. Plaintiff alleges to be an insured pursuant to

an insurance policy with Progressive.

3. Plaintiff's Complaint seeks a declaratory judgment for coverage under Progressive's insurance contract and concerns damages in excess of at least $100,000, plus attorney fees and costs.

4. Relevant to the amount in controversy, the property damage coverage for the vehicle listed on the policy is the value of the vehicle, which is stated to be $100,000. Policy number 957939273 is attached hereto as Exhibit "A." Prior to filing its Complaint, Plaintiff made a demand for property damage in the amount of $51,395.16. A copy of that demand letter is attached hereto as Exhibit "B."  Further, Plaintiff's Complaint seeks a declaration that Plaintiff is entitled to Uninsured Motorist ("UM") benefits, the policy limits for which are $100,000.

5. Relevant to diversity of citizenship, Plaintiff is a Florida Limited Liability Company.  See Complaint ¶ 2.  Progressive is incorporated in the state of Ohio with its principal place of business in Mayfield Village, Cuyahoga County, Ohio.

6. Based upon the allegations and the facts set forth above, and in Plaintiff's Complaint, this is a civil action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1332, which grants the United States District Court original jurisdiction over actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

7. Contemporaneously with filing this Notice of Removal, Progressive has paid the removal fee to the Clerk of the United States District Court. A Notice of Removal has been filed simultaneously in the State court and with opposing counsel, in full compliance with 28 U.S.C. § 1446(d).

## MEMORANDUM OF LAW IN SUPPORT OF REMOVAL

A defendant who desires to remove a civil cause of action from state court to a Federal district court may do so by following the procedures outlined in 28 U.S.C. § 1446. To remove a case commenced in State Court pursuant to 28 U.S.C. § 1441 and § 1332, all requirements of diversity jurisdiction must be met by the party seeking to remove. See Leonard v. Kern, 651 F. Supp. 263 (S.D. Fla. 1986). Complete diversity must exist between the parties and the amount in controversy must exceed $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332; Id. at 264. Pursuant to 28 U.S.C. § 1441(a), a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending.

### I. THE PARTIES ARE DIVERSE AND THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL THRESHOLD.

One such basis for the original jurisdiction of the United States district court is diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Specifically, 28 U.S.C. § 1332(a) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between, "(1) citizens of different States." Therefore, in order for a defendant to exercise its option to remove a case from state court to a federal district court, it must normally demonstrate that all parties-plaintiff are diverse from all parties-defendant, and that the amount in controversy is greater than $75,000.00.

The burden is on the party wishing to remove to show that it has met all removal requirements. See Wright v. Continental Cas. Co., 456 F. Supp. 1075, 1078 (N.D. Fla. 1978).

Progressive has met all of the requirements to establish diversity jurisdiction in this matter. Defendant Progressive is a foreign corporation incorporated in the State of Ohio with its principal place of business located in Ohio. Plaintiff is a Florida Limited Liability Company with its principal place of business located in Florida

Progressive has also fulfilled the requirement that the amount in controversy exceeds $75,000.00. The amount in controversy is measured by determining the value of the litigation from the plaintiff's perspective. See Sandifer Partnership, Ltd. v. Dolgencorp, Inc., 2005 WL 2063790 (M.D. Fla. 2005) (citing Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc., 120 F.3d 216, 220 (11th Cir. 1997)). Plaintiff's Complaint seeks property damages coverage in excess of $50,000 in addition to UM benefits under a policy with Progressive with policy limits of $100,000.00, as well as attorney's fees and costs. A reasonable reading of Plaintiff's Complaint demonstrates that the amount in controversy from Plaintiff's perspective is over $100,000.00.

Therefore, Plaintiff clearly seeks damages in excess of the minimum jurisdictional requirements of this Court.

## II. ALLSTATE'S REMOVAL IS TIMELY

The United States Code provision governing removal procedure, 28 U.S.C. § 1446, states in pertinent part:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.A. § 1446(b)(3)

Because Progressive's Notice of Removal was filed within thirty days of January 17, 2024 when it first received Plaintiff's Complaint, removal was done in a timely manner.

### III. ALL OTHER PROCEDURAL REQUIREMENTS HAVE BEEN MET.

Section 1446(a) requires that a defendant desiring to remove a case file a signed notice of removal in the district court of the United States for the district and division within which such action is pending containing a short and plain statement of the grounds for removal, along with a copy of all process, pleadings, and orders served upon such defendant in such action.

28 U.S.C. § 1446(d) further provides that after the filing of such notice of removal of a civil action the defendant "shall give written notice thereof to all adverse parties" and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and stay the State court proceedings unless and until the case is remanded.

Progressive has filed its Notice of Removal within the 30-day deadline; likewise Progressive has satisfied the other procedural requirements by giving notice to Plaintiff, filing a Notice of Removal with the State Court, and attaching to its Notice of Removal all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, currently on file in the state court.

Respectfully submitted on February 16, 2024.

SEGUNDO LAW GROUP

BY: */s/ Jay M. Walker*
JAY M. WALKER, ESQ.
FBN: 0324670
2935 First Avenue North, 2nd Floor

St. Petersburg, FL 33713
(727) 894-3535
Attorneys for Defendant, *Progressive Mountain Insurance Company*
E-Mail:  Service@CivilLit.com

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been electronically filed with the Clerk of Court, which will send a notice of electronic filing to all counsel of record at the e-service address(es) listed with the Court, on this 16th day of February, 2024.

SEGUNDO LAW GROUP

BY: */s/ Jay M. Walker*
JAY M. WALKER, ESQ.
FBN: 0324670
2935 First Avenue North, 2nd Floor
St. Petersburg, FL 33713
(727) 894-3535
Attorneys for Defendant, *Progressive Mountain Insurance Company*
E-Mail:  Service@CivilLit.com